## Case No. 13,425.

### STEWART v. DUFFEY.

[1 Cranch. C. C. 551.] [1]

Circuit Court, District of Columbia. July Term, 1809.

APPRENTICE—ORDER OF COURT—INDENTURES.

The order of the orphans' court, to bind out an apprentice, is not a binding so as to constitute the relation of master and apprentice.

This was a petition of an apprentice [Westley Stewart] against his master (a comb-maker,) praying to be discharged. There was an order of the orphans' court to bind him as orphan, but no indentures were ever executed.

Mr. Jones, for the petitioner, cited the Maryland law of 1793 (chapter 45, § 2). The books of the orphans' court are not a record. The entry is a mere memorandum of a verbal contract; it is not obligatory upon the master. It is not a binding out. The power of the orphans' court is a mere substitute for the power of the overseers of the poor, or of the parent or guardian.

Mr. Swann, on the same side. In the case of Wilbar v. Mandeville [unreported], the court decided that such an order does not bind; and Wilbar's daughter was discharged from Mandeville.

Mr. C. Simms. The boy is an orphan, and the order may be complied with by executing the indenture. There was evidence of a verbal discharge by the master, who sold out his shop, gave up his house, and went to Philadelphia.

THE COURT discharged the boy on both grounds, viz. that there was no contract, and if there was, there was also a discharge.

[1] [Reported by Hon. William Cranch, Chief Judge.]